UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DOUG BILSKY, | ) |
| Plaintiffs, | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| ABILITY RECOVERY SERVICES, LLC, | ) **JURY TRIAL** |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

DOUG BILSKY ("Plaintiff"), by his attorneys KIMMEL & SILVERMAN, P.C., alleges the following against ABILITY RECOVERY SERVICES, LLC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in unlawful debt collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Michigan, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Davison, Michigan 48423.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with headquarters located at 1 Montage Mountain Blvd., Moosic, PA 18507.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant contacted Plaintiffs in an attempt to collect an alleged consumer debt owed to Ashworth College.

11. The alleged debt at issue, a student loan, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him could only have arisen from financial obligation for primarily personal, family, or household purposes.

13. Beginning in or around May 2015 and continuing through June 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt,

14. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (570) 207-1892. The undersigned has confirmed that this number belongs to Defendant.

15. Plaintiff requested Defendant cease calls on both May 15, 2015 and May 18, 2015.

16. Defendant ignored Plaintiff's request and continued its campaign telling Plaintiff its calls would continue until payment was made.

17. Plaintiff, frustrated and upset by the continued calls, felt constrained and attempted to make payment on the account, whereby he offered a monthly sum of twenty ($20) to twenty five ($25) dollars.

18. Defendant mocked Plaintiff's efforts and rejected his offer, demanding a minimum monthly payment of thirty two fifty ($32.50).

19. When Defendant failed in coercing Plaintiff into increasing the monthly amount, it requested Plaintiff's debit and credit card account information, which Plaintiff could only assume was for the purpose of charging this increased amount.

20. Furthermore, on one occasion in which Plaintiff spoke to a "Ms. Dale", she belittled, cursed, and made defamatory comments; for example: "How do you live (on that income)?", "How the hell do you plan on taking a course on your income?" and "Why are you taking this course if you're disabled?"

21. Frustrated by the repeated and harassing calls, Plaintiff retained counsel on or about May 29, 2015.

22. Plaintiff's counsel sent correspondence to Defendant on May 29, 2015 advising it of its representation and also advising Defendant to cease all calls.  See Exhibit "A".

23. Defendant received this correspondence on June 4, 2015.  See Exhibit "B".

24. Despite receipt of this correspondence Defendant continued to call Plaintiff.

25. Finally, Defendant failed to send Plaintiff written notification of his rights to dispute the debt and/or to request verification of the debt, as well as, providing him with the amount of

the debt and the name of the original creditor.

26. Defendant's actions as described herein were made with the intent to harass, abuse and coerce payment from Plaintiff.

## COUNT I
### DEFENDANTS VIOLATED § 1692d and § 1692d(5)  OF THE FDCPA

27. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated § 1692d and § 1692d(5)  when it placed repeated and continuous harassing telephone calls to Plaintiff knowing its continued communications were unwanted.

## COUNT II
### DEFENDANTS VIOLATED §§ 1692d(2) OF THE FDCPA

30. A debt collector violates § 1692d(2) of the FDCPA by using profane language or language the natural consequence of which us it abuse the hearer.

31. Defendant violated § 1692d(2) of the FDCPA when its collector, "Ms. Dale", insulted Plaintiff's income and when it mocked Plaintiff for taking a course given his disability.

## COUNT III
### DEFENDANTS VIOLATED §§ 1692d(6) OF THE FDCPA

32. A debt collector violates § 1692d(6) of the FDCPA by placing a telephone call without meaningful disclosure of the caller's identity.

33. Defendant violated § 1692d(6) when its male collector refused to provide his name to Plaintiff in a collection call.

## COUNT IV
## **DEFENDANTS VIOLATED §§ 1692f OF THE FDCPA**

34. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

35. Defendant violated § 1692f when it attempted to secure Plaintiff's debit and credit card account information for the purpose of charging thirty two dollars and fifty cents ($32.50).

## COUNT V
## **DEFENDANTS VIOLATED §§ 1692g OF THE FDCPA**

36. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

37. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising them of their rights to dispute the

debt or request verification of the debt.

## COUNT VI
## DEFENDANTS VIOLATED §§ 1692b(6) OF THE FDCPA

38. A debt collector violates § 1692b(6) if it communicates with a consumer after it knows that the consumer is represented by an attorney.

39. Defendant violated § 1692b(6) when it called Plaintiff after it had knowledge Plaintiff was represented by counsel.

## COUNT VI
## DEFENDANTS VIOLATED §§ 1692b(6) OF THE FDCPA

40. A debt collector violates § 1692c(c) if it communicates with a consumer after the consumer has notified the debt collector in writing that the consumer wishes the debt collector to cease further communication.

41. Defendant violated § 1692c(c) when it called Plaintiff after Plaintiff had requested in writing through his counsel that the calls cease.

WHEREFORE, Plaintiff, DOUG BILSKY, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

   d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DOUG BILSKY, demands a jury trial in this case.

                                                    RESPECTFULLY SUBMITTED,

DATED: June 12, 2015           KIMMEL & SILVERMAN, P.C.

                                               By: /s/ Amy L. Bennecoff Ginsburg
                                               Amy L. Bennecoff Ginsburg, Esquire
                                               Kimmel & Silverman, P.C.
                                               30 East Butler Pike
                                               Ambler, Pennsylvania 19002
                                               Phone: (215) 540-8888
                                               Facsimile: (877) 788-2864
                                               Email: aginsburg@creditlaw.com